UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WESTERN ENERGY OPPORTUNITIES II, LLC, d/b/a/ WESTERN ENERGY REGIONAL CENTER,

Index No. 24-CV-2565 (ER)

Plaintiff,

-against-

FINALIS SECURITIES, LLC, EB5 ENERY FUND I, LP d/b/a EB5 MARKETPLACE, EB5 ENERGY HOLDINGS, LLC, RUPY CHEEMA, KURT EDWARD REUSS, AND ABC CORPORATIONS 1 through 10,

Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS EB5 ENERGY FUND I, LP, EB5 MARKETPLACE AND KURT EDWARD REUSS MOTION TO DISMISS OR TO COMPEL ARBITRATION**

Dated: New York, New York
September 10, 2024

/s/ Daniel D'Costa, Esq.
Managing Principal
D'Costa Law, P.C.
Attorneys for Defendants
100 Duffy Avenue, Suite 510
Hicksville, New York, 11801
Tel. (516) 526 3082
daniel.dcosta@danieldcostaesq.com

## Preliminary Statement

This case should be decided by an arbitrator and not this Court. Paragraph 7 of the parties' written agreement contains a comprehensive arbitration provision that is as clear as day. See page 12 of Exhibit A: "Western Energy - Finalis PAA - Sep 23 2022"

The amended complaint's factual allegations made against the moving defendants all arise out of or relate to the agreement or its purported breach. That plaintiff *also* labels these facts torts or statutory violations does not magically make them not arbitrable.

The arbitration provision must be enforced. The Court should dismiss this case as against the moving defendants, or in the alternative, stay the matter until the arbitration is concluded.

## The Plaintiff's Business and Its Contract With the Defendants

Plaintiff sells unregistered exempt securities to foreign qualified investors and invests the proceeds into properly qualified EB-5 projects. Those projects fund oil and gas production activities in rural Oklahoma. ECF #41, ¶¶16-21.

In August of 2022, plaintiff decided to hire a securities brokerage firm to "generate more investment more quickly". ECF #41, ¶32. It retained Finalis Securities, LLC ("Finalis") and the Defendants. They signed a contract called a Placement Agent Agreement on September 23, 2022 ("PAA"). See Exhibit A: "Western Energy - Finalis PAA - Sep 23 2022"/ECF #41-1. It was signed by EB5 Energy Fund I, LP, EB5 Marketplace and Kurt Edward Reuss (collectively "Defendants"). ECF #41-1, p. 16.

After the PAA was signed, plaintiff claims it provided information to the Defendants, including alleged trade secrets, as part of the PAA and to facilitate the Defendants' work under the agreement. ECF #41, ¶¶55-92.

Plaintiff alleges the Defendants committed wholesale theft and misappropriation of trade secrets, and that that the source of those alleged trade secrets was the documents and information plaintiff provided to the Defendants on account of their work under the PAA. ECF #41, ¶¶55-92.

A good representative sample of plaintiff specifically linking the PAA and the Defendants' alleged trade secret theft is paragraph 55 of the complaint:

> 55. All the while, rather than focusing on fulfilling his obligations as Placement Agent, Reuss was embarking on a scheme with Finalis, Cheema, EB5 Marketplace, and EB5 Energy, LLC to steal the trade secrets, disclosed in the due diligence process and use the same to create a business competitive with Plaintiff.

ECF #41, ¶55.

Plaintiff does *not* allege that the Defendants improperly obtained its trade secrets from any source or means unrelated to their work on the PAA.

**<u>The Arbitration Agreement</u>**

The PAA contains an unambiguous and comprehensive arbitration provision. Paragraph 7 states:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by FINRA. The number of arbitrators shall be one. The place of arbitration shall be New York, New York, and New York law shall apply. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The parties agree to submit to the personal jurisdiction of the state and federal courts located in the State of New York, and consent to service of process in any manner authorized by New York law. Should any legal proceeding be necessary to construe or enforce the provisions of the Agreement, then the prevailing party in such legal action shall be entitled to recover all court costs, reasonable attorney fees, and costs of enforcing or collecting any judgment awarded.

This provision is construed under New York law. ECF #41-1, ¶14. The PAA "is the entire agreement between the parties, and there are no other understandings, representations or warranties between the parties. ECF #41-1, ¶11. The complaint does not allege the PAA has ever been modified.

**Argument**

The Court should dismiss the complaint because it fails to state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v Twombly*, 550 US 544, 570 [2007] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v Iqbal*, 556 U.S. 662, 678 [2009]. While the complaint's factual allegations must be construed in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading containing allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" ought to be dismissed. *Sheehy v Brown*, 335 Fed Appx 102, 104 [2d Cir 2009].

It is not certain in the Second Circuit whether a motion to dismiss a complaint based on a binding arbitration agreement should be made under FRCP 12(b)(1) or 12(b)(6), or under the Federal Arbitration Act ("FAA"). *Jordan-Rowell v Fairway Supermarket*, 18CV01938 (VEC) (DF), 2019 WL 570709, at *7 [SDNY Jan. 16, 2019], *R. & R. adopted*, 2019 WL 568966 [SDNY Feb. 12, 2019], *appeal dismissed*, No. 19-2206, 2020 WL 253015 [2d Cir 2009].

All three (3) options have been deemed appropriate. An action should be dismissed under Rule 2(b)(1) if it appears the court lacks subject matter jurisdiction. A complaint may be dismissed pursuant to Rule 12(b)(6) when it fails to state a claim upon which relief can be granted. The Defendants therefore move under Rule 12(b)(1), Rule 12(b)(6), and to 9 USCA § 4.

In addition, this motion may also be made under Rule 12(c) because the Defendants have answered the amended complaint. The only distinction between 12(b)(6) and 12(c) motions is *when* they are made. As one respected treatise explains:

> If the motion is filed before the answer, the court may treat it as a motion to dismiss under Rule 12(b)(6). Conversely, a motion to dismiss filed after the pleadings close will be treated as a motion for judgment on the pleadings. In fact, any distinction between [a Rule 12(b)(6) motion and a Rule 12(c) motion] is purely semantic because the same standard applies to motions made under either subsection.

2 *Moore's Federal Practice* at § 12.38.

"[T]he standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.... In each case, the court must accept as true the complaint's factual allegations and draw all inferences in the plaintiff's favor." *Cleveland v Caplaw Enterprises*, 448 F3d 518, 521 [2d Cir 2006](internal quotations and citations omitted). *See Schwab v. Smalls*, 435 F. App'x 37, 39 [2d Cir 2011] (applying the *Iqbal* standard to a Rule 12(c) motion because the standard for deciding a motion for judgment on the pleadings is the same as for deciding a motion to dismiss under Rule 12(b)(6) ).

Further, "[o]n a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.' " *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F3d 419, 422 [2d Cir 2011] (quoting *Roberts v. Babkiewicz*, 582 F3d 418, 419 [2d Cir 2009] ).

## The Agreement is Valid and Must be Enforced

### A. Agreement to Arbitrate

This Court must first decide whether the parties made an arbitration agreement. The Second Circuit applies a conjunctive two-part test to determine arbitrability, asking "(1) whether the parties

have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." In re Am. Express Fin. Advisors Sec. Litig., 672 F3d 113, 128 [2d Cir 2011]; *see Nat'l Union Fire Ins. Co. v Belco Petroleum Corp.*, 88 F3d 129, 135 [2d Cir 1996]. "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration . . . ." *Mitsubishi Motors Corp. v Soler Chrysler-Plymouth, Inc.*, 473 US 614, 624 [1985].

There is no question the parties entered into a valid arbitration agreement. ECF #41-1, ECF #41, ¶39, fn. 2. The PAA is in writing as required by New York law, and electronically signed by the parties. Accordingly, the PAA's arbitration provision is valid and applicable.

**B. All of Plaintiff's Claims Fall Within the Scope of the PAA**

Paragraph 7 of the PAA states "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by FINRA."

An arbitration clause covering " '[a]ny claim or controversy arising out of or relating to th[e] agreement,' " is "the paradigm of a broad clause." *Collins & Aikman Products Co. v Bldg. Sys., Inc.*, 58 F3d 16, 20 [2d Cir 1995]. Furthermore, "[a]n arbitration clause covering claims 'relating to' a contract is broader than a clause covering claims 'arising out of' a contract." *Int'l Talent Group, Inc. v Copyright Mgmt., Inc.,* 629 FSupp. 587, 592 [SDNY1986].

To determine whether the complaint's claims fall within the scope of the arbitration clause, the Court "focuses on the factual allegations in the complaint rather than the legal causes of action asserted." *Specht v Netscape Comm. Corp.*, 306 F3d 17, 36 [2d Cir 2002](quoting *Genesco*, 815 F2d at 846). "If the allegations underlying the claims touch matters covered by the parties' agreements,

then those claims must be arbitrated, whatever the legal labels attached to them." *Holick v Cellular Sales of N.Y., LLC*, 802 F3d 391, 395 [2d Cir 2015](alteration omitted).

All of the factual allegations made against the Defendants involve allegedly protected trade secrets plaintiff gave to the Defendants as part and parcel of their work under the PAA. This is a textbook example of claims that arise under or relate to a contract containing an arbitration provision.

Because the FAA creates a strong presumption favoring arbitration any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Shaw Group Inc. v Triplefine Intern. Corp.*, 322 F3d 115, 120 [2d Cir 2003]; *see e.g.*, *Oldroyd v Elmira Sav. Bank, FSB*, 134 F3d 72, 76 [2d Cir 1998](abrogated on separate grounds by *Katz v Cellco P'ship*, 794 F3d 341 [2d Cir 2015])(Courts will "construe arbitration clauses as broadly as possible," resolving "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration"). The Supreme Court has explained that the FAA does not require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who agree to arbitrate from excluding certain claims from the scope of their agreement. It simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms. *Volt Info. Sciences, Inc. v Board of Trustees of Leland Stanford Jr. Univ.*, 489 US. 468, 478 [1989] (internal citations omitted).

**C. Facts Determine Arbitrability. Not Legal Labels and Causes of Action**

Plaintiff claims in footnote #1 of its complaint that:

> any breach of contract claims as against Finalis, Reuss and EB5 Marketplace (the parties to the PAA) that those defendants could argue should be subject to the provision are supplemental and secondary to this complaint's Federal RICO, State and Federal Misappropriation of Trade Secrets, and Deceptive Business Practices as against all parties (including those not privy to the PAA). Because the substance of the claims made herein and several parties hereto fall outside the scope of the arbitration provision, and competing proceeding could result in inconsistent outcomes, resolution of all claims together, in this Court, is appropriate.

ECF #41-1, fn 1.

First, there is no such thing as one claim (breach of contract) being "supplemental and secondary" to another claim (RICO) aside from pendent jurisdiction matters under 28 USC §1367. No such hierarchy exists.

Second, the law in the Second Circuit is that when determining whether claims fall within the scope of an arbitration provision, the Court "focuses on the factual allegations in the complaint rather than the legal causes of action asserted." *Specht v Netscape Comm. Corp.*, 306 F3d 17, 36 [2d Cir 2002] (quoting *Genesco*, 815 F2d at 846). "If the allegations underlying the claims touch matters covered by the parties' agreements, then those claims must be arbitrated, whatever the legal labels attached to them." *Holick v Cellular Sales of N.Y., LLC*, 802 F3d 391, 395 [2d Cir 2015] (alteration omitted).

Third, the Federal Arbitration Act does not exempt parties to a litigation from their contractual obligations because some *other* parties are not subject to arbitration, or because there may be inconsistent outcomes between an arbitration and a Court determination involving similar claims against those other parties.

Plaintiff's statements are legally incorrect and should be summarily disregarded unless it supports them with citations to applicable law or a good faith argument to modify existing law.

**D. The Arbitrator Decides What Claims Are Arbitrable**

Plaintiff has argued informally that that "the primary thrust of Plaintiff's Complaint-could not be properly decided" in a FINRA arbitration. ECF #47, p. 2. But what is arbitrable is decided by the *arbitrator*.

Courts do not assume the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence otherwise. *First Options of Chicago, Inc. v. Kaplan*, 514 US 938, 944[1995].

Unless the party seeking arbitration "point[s] to a clear and unmistakable expression of the parties' intent to submit arbitrability disputes to arbitration," the court must decide the issue of arbitrability. *NASDAQ OMX Grp., Inc. v UBS Secs., LLC*, 770 F3d 1010, 1032 [2d Ci. 2014].

The express incorporation of rules empowering an arbitrator to decide arbitrability "serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Contec Corp. v Remote Solution, Co., Ltd.*, 398 F3d 205, 208 [2d Cir 2005]; *see also Lapina v Men Women N.Y. Model Mgmt. Inc.*, 86 FSupp3d 277, 283-84 [SDNY 2015]("[A] party who signs a contract containing an arbitration clause and incorporating by reference the AAA rules cannot later disown its agreed-to obligation to arbitrate all disputes, including the question of arbitrability.")(quotation omitted).

The PAA states that "shall be settled by arbitration administered by FINRA." ECF #41-1, ¶7. The parties specifically agreed to arbitration under FINRA's rules and auspices.

Thus, FINRA is the proper forum to decide what claims are arbitrable.

The complaint does not allege that any of its claims or causes of action cannot be arbitrated under the FAA or any other body of law.

**Procedural and Technical Matters**

The Defendants answered the amended complaint and are not in default as stated by plaintiff's counsel informally. ECF #47, p. 1. Their answer has not been rejected, and plaintiff has not sought a certificate of default for its amended complaint.

This Court specifically authorized the Defendants to file a motion to dismiss.

The standards and requirements for Rule 12(b)(6) and Rule 12(c) motions are identical. The only difference between them is *when* they are filed. So out of an abundance of caution and to avoid

an unnecessary hyper-technical argument, the Defendants have added Rule 12(c) as an additional ground for their motion.

If this Court decides to compel arbitration rather than dismiss the complaint against the Defendants, a stay is mandatory after "all claims have been referred to arbitration and a stay [has been] requested" by a party. *Katz v Cellco Partnership*, 794 F3d 341 [2d Cir 2015]. Defendants requested a stay in their notice of motion and at the beginning of this memorandum.

**Conclusion**

Defendants respectfully request that this Court dismiss the complaint pursuant to FRCP 12(b)(1), 12(b)(6), and 12(c), alternatively, compel arbitration of all of plaintiff's claims pursuant to 9 USCA § 4, and stay this action in its entirety pending the completion of the arbitration pursuant to 9 USCA § 3, and that it grant the Defendants such other and further relief as it Court deems just and proper.

Respectfully submitted,

/s/Daniel D'Costa
Attorney for Petitioner
D'Costa Law P.C.
100 Duffy Avenue Suite 510
Hicksville, NY 11801
1(516) 526 3082
daniel.dcosta@danieldcostaesq.com

CERTIFICATE OF SERVICE

I, Daniel D'Costa, an attorney, do hereby certify that on September 10, 2024, I served a copy of the NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT via ECF, which sent a copy of this filing to all counsel of record.

s/ Daniel D'Costa
Daniel D'Costa