

519 8TH AVENUE, 25TH FLOOR
NEW YORK, NY 10018
**866.928.7687 sh-law.com**

**ANGELA A. TURIANO** | PARTNER
aturiano@sh-law.com
Phone: 212-784-6915

November 17, 2025

**Via ECF**
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re*:*    Western Energy Opportunities KK, LLC, d/b/a Western Energy Regional Center v. Finalis Securities LLC, et al.; Civil Action No.: 24-cv-2565 (ER)

Dear Judge Ramos:

This firm represents Defendant Finalis Securities LLC ("Finalis") in the above-referenced matter. Pursuant to the Court's instruction at the September 10, 2025 pre-motion conference, Finalis respectfully submits this letter to confirm its entitlement to proceed now with a motion for attorneys' fees (the "Motion") and to propose a briefing schedule. The Motion will seek fees under (i) the fee-shifting clause in the Placement Agent Agreement ("PAA") and (ii) the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(3)(D).

**Background and Posture**

On March 26, 2025, the Court granted Finalis' motion to dismiss the Amended Complaint, disposing of all claims asserted against Finalis, including Plaintiff's civil RICO and DTSA claims, for failure to allege facts sufficient to state a claim. ***Following the dismissal and removal of Finalis from the action***, all claims against defendants Kurt Reuss and EB5 Marketplace were compelled to arbitration and the claims against the remaining defendants stayed pending arbitration.

At the September 10, 2025 pre-motion conference, Western Energy objected to the Motion as premature because (i) it may pursue claims against Finalis in arbitration, and (ii) its appellate rights had not fully expired. In response, Finalis advised that first, any claim in arbitration was separate and apart from this action, wherein Finalis prevailed and should be entitled to seek attorneys' fees, and further, any effort to pursue Finalis in arbitration, or any other forum, would

be improper, as barred by well-established principles of res judicata and issue preclusion[1]; and second, it believed Western Energy's time to appeal the Court's decision had expired.

At the conclusion of the conference, the Court indicated that it would permit Finalis to move for attorneys' fees but directed the parties to meet and confer on the timing of the Motion, *limited to* Western Energy's stated intention to appeal the Court's decision as follows:

> **"I would actually direct the parties to have a conversation about this to see whether or not, strictly speaking, Ms. Turiano, you can make your motion now or whether you ought to wait until such time as I grant leave to appeal, if that's what plaintiff is going to want to do."**

The Court, while expressing doubt as to the propriety of pursuing Finalis in arbitration in light of the Court's dismissal of all claims against Finalis and the fact that these same issues had been briefed "twice before to a federal judge," did not ask that the parties to confer regarding how Western Energy's intended arbitration might affect the timing of the Motion.

## Western Energy's Disregard of the Court's Directive and Continued Improper Pursuit of Finalis, Now In Arbitration

While the parties conferred, Western Energy ignored the Court's directive in this regard. Specifically, upon advising Western Energy that it's time to file an interlocutory appeal under 28 U.S.C. § 1292(b) had expired,[2] Western Energy disagreed, but stated that ***it did not intend to appeal*** the Court's decision. Rather, Western Energy intended course of action was to proceed in FINRA arbitration as against Finalis, purportedly rendering Finalis' fee request inappropriate at this time.

As Finalis advised Western Energy, Plaintiff's pursuit of claims in arbitration against Finalis, in addition to being improper and outside the scope of the Court's directive, has no bearing on Finalis' right to recover its fees incurred in defending *this* action, whether now or at the conclusion of any arbitration. Briefly, the fee-shifting provision in the PAA applies to *this* legal proceeding and further, is not limited to claims for breach of contract. There is also the DTSA fee

---

[1] The Court's Order of Dismissal on March 26, 2025 was a final adjudication on the merits of Western Energy's claims, finding that, as a matter of law, Finalis was not liable for the alleged misappropriation of trade secrets—the same conduct that underlies any remaining theories of liability, including a breach of the confidentiality provision in the Placement Agent Agreement ("PAA") i.e., the breach of contract claim.

[2] Plaintiffs' time to request an interlocutory appeal under 1292(b) has expired because they have failed to request that the Court certify the order within a "reasonable time." *See Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) ("In this case, plaintiffs seek to appeal a summary judgment order issued almost four months prior to their initial request to file a motion for interlocutory appeal. The Court finds that such a delay weighs against plaintiffs' request." In drawing this conclusion, the Court noted that the Seventh Circuit [Weir v. Propst, 915 F.2d 283, 287 (7th Cir.1990)] held that a district court abused its discretion by granting § 1292(b) certification where the party seeking to appeal waited three months before making the request without providing a sufficient explanation for the delay; *see also Ferraro v. Sec'y*, 780 F.Supp. 978, 979 (E.D.N.Y.1992) (in denying to certify the appeal, the Court held that "there was no justification for plaintiff's [two and a half month delay] in requesting certification." Here, it has been eight months since the Court granted Finalis' motion to dismiss and more than three months since the Court denied Western Energy's motion for reconsideration, with no reason for the delay.

claim, which is directly tied to Plaintiff's federal misappropriation allegations against Finalis—claims that have been dismissed and cannot be brought in arbitration. Further, the Court's ancillary jurisdiction permits it to decide fee entitlement now[3]; there is no prudential reason to require Finalis to wait years for arbitration to conclude before recovering fees incurred in defending a case from which it has been dismissed and has therefore prevailed.

Regardless, now that Western Energy has indicated it does not intend to appeal the Court's decision, it is Finalis' understanding, based upon the Court's directive, that it is entitled to proceed with its Motion promptly. Based upon the foregoing, Finalis respectfully requests that the Court adopt the following schedule for the Motion:

- Finalis opening motion due: December 4, 2025
- Western Energy's opposition due: December 18, 2025
- Finalis' reply due: December 23, 2025

Finalis appreciates the Court's consideration and is prepared to proceed on the above-referenced schedule. Should this Court entertain Western Energy's contention that a delay of the Motion is warranted due to its intent to pursue Finalis arbitration, Finalis would respectfully request the opportunity to fully respond to any such argument.

Respectfully submitted,

*/s/ Angela A. Turiano*
Angela A. Turiano
For the Firm

cc: All Counsel of Record (via ECF)

---

[3] *See e.g. Park Lane IBS, LLC v Unbnd Group Pty Ltd.*, 23-CV-8620 (PKC), 2025 WL 1576203, at *2 (SDNY June 4, 2025).